# AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR CRIMINAL COMPLAINT AND ARREST WARRANT

I, Jordan Long, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant authorizing the arrest of Maurice **WINFREE**. ("**WINFREE**"), for the felony violations of: Title 21, United States Code, Section 841(a)(1) and did knowingly attempt to distribute and/or knowingly attempt to possess with the intent to distribute controlled substances, as well as 18 U.S.C. § 924(c)(1)(A) – possession of a firearm in furtherance of a drug trafficking crime, collectively the "**Target Offenses**," in the Northern District of Ohio.

2. The facts and information set forth in this affidavit are based on my personal observations, review of records and figures, my training and experience, and, as specifically attributed below, information obtained from state and local law enforcement officers, including officers and agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives Toledo Field Office (ATF TFO), the Toledo Police Department (TPD), hereinafter "investigators", and witnesses. To the extent that any information in the affidavit is not within my personal knowledge, it has been made available to me through reliable law enforcement sources, and I believe such information to be true.

3. This affidavit is made for the limited purpose of demonstrating probable cause for the issuance of the requested complaint and arrest warrant for **WINFREE** (DOB: XX/XX/2001) and does not purport to set forth all my knowledge of, or investigation into, this matter. Rather, I have set forth only those facts necessary to establish probable cause that a violation of the federal laws

identified above has occurred.

4.     Where statements made by other individuals (including other law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in relevant part. Similarly, where information contained in reports and other documents or records are referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

### AFFIANT BACKGROUND

5.     I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been since January of 2024. In that capacity, your Affiant is an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7); that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. Additionally, I am empowered to investigate violations of federal law, make arrests with or without warrants, and execute search warrants under the authority of Title 21, United States Code, Section 878. Prior to my employment with the ATF, I was a Detective Sergeant with the Michigan State Police (MSP) assigned to the Monroe Post. As a Detective Sergeant, I conducted complex criminal investigations. I was a member with MSP for over 10 years. During my time with MSP, I was a member of the Monroe Area Narcotics Team and Investigative Services (MANTIS) for five years. I have received specialized training in various aspects of law enforcement investigations. I have personally been involved in numerous investigations as a uniformed, plain clothes, and undercover officer. I have attended schools and seminars dealing with conducting complex criminal investigations. My training includes but is not limited to obtaining an associate's degree.

My training includes but is not limited to obtaining an associate's degree in criminal justice from Schoolcraft College in Livonia and completing the 123rd Michigan State Police Trooper Recruit School. I have conducted numerous criminal investigations including but not limited to, Narcotic investigations, Criminal Sexual Conduct investigations, Breaking and Entering investigations, Larceny/theft investigations, Fraud investigations, Assault and Battery investigations, Extortion investigations, and Homicide investigations.

6. I received extensive training at the Department of Homeland Security Criminal Investigative Training Program and the Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Basic Training at the Federal Law Enforcement Training Center. This training lasted for over six (6) months and covered topics including federal criminal statutes, interviewing and interrogation techniques, arrest procedures, search and seizure, narcotics, undercover techniques, search warrant applications, and various other investigative techniques.

7. Based upon the above experience, I am familiar with the modus operandi of persons involved in illicit distribution of controlled substances as well as the terminology used by persons involved in the illicit distribution of controlled substances. I am aware that persons involved in the illicit distribution of controlled substances routinely attempt to conceal their identities as well as the locations at which drug transactions occur. These people are also known to have vehicles, properties, utilities and other items purchased in the names of others to conceal the association of drug activities with financial transactions. I know that individuals engaged in organized drug distribution and sales maintain extensive contact with persons from whom they receive drugs and with whom they distribute these drugs. I also know that individuals engaged in drug trafficking commonly possess and use firearms to protect their illegal drugs and proceeds from customers, competitors, rivals, and would-be robbers.

## RELEVANT STATUTES

8.  21 U.S.C. § 841(a)(1) makes it unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance.

9.  18 U.S.C. § 924(c)(1)(A) – makes it unlawful for any person who, during and in relation to any crime of violence or drug trafficking for which the person may be prosecuted in a court in the United States, uses or carries a firearm, or in furtherance of any such crime possesses a firearm.

## FACTS AND CIRCUMSTANCES REGARDING PROBABLE CAUSE

10. During the third week of November 2025, Toledo Police Detectives conducted a controlled purchase of a substance which field tested positive for the presence of fentanyl from **WINFREE** utilizing a Confidential Informant (hereinafter referred to as CI).

11. During the third week of November 2025, Toledo Police Detectives conducted a second controlled purchase of a substance which field tested positive for the presence of fentanyl from **WINFREE** utilizing a CI.

12. During the fourth week of November 2025, Toledo Police Detectives conducted a controlled purchase of a substance which field tested positive for the presence of fentanyl brokered by from Christopher LOFTON utilizing a CI. Prior to the purchase, **WINFREE** was contacted and brokered the deal.

13. During the first week of December 2025, Toledo Police Detectives along with an ATF Task Force Officer (TFO) conducted a controlled purchase of a substance which field tested positive for the presence of fentanyl from **WINFREE** utilizing a CI.

14. During the first week of December 2025, Toledo Police Detectives along with an ATF TFO conducted a second controlled purchase of a substance which field tested positive for the presence of fentanyl from Lashonda SAVAGE utilizing a CI. Prior to the purchase, **WINFREE** was contacted and brokered the deal.

15. On December 10, 2025, the Toledo Police Department obtained two state search warrants signed by Lucas County Court of Common Pleas Judge Ian B. English. The warrants were executed at **WINFREE's** residence on South 13th Street in Toledo, along with his suspected place of employment on Hill Avenue in Toledo.

16. **WINFREE** was present at his residence with SAVAGE and D'Laia MCCALL during the search warrant execution. Detectives located a plastic baggie knotted containing a grey powdery substance suspected to be fentanyl in **WINFREE's** bedroom. The substance was subsequently field tested at the Toledo Police Department and yielded a positive result for the presence of fentanyl. The total weight of the drugs (including packaging) was 67.83 grams.

18. Next to **WINFREE's** bed, a loaded firearm (pistol) was located. In the downstairs area of the residence in the kitchen an additional firearm (rifle) was located.

19. Det. Jeremie Barclay advised **WINFREE**, SAVAGE, and MCFALL of their Miranda Rights at the residence. Your Affiant subsequently spoke with SAVAGE who stated the drugs and firearms located inside the residence belonged to **WINFREE**. Your Affiant also spoke with MCFALL, who stated that she was visiting **WINFREE** and denied ownership of the drugs and firearms.

21. On December 10, 2025, Det. Barclay and your Affiant interviewed **WINFREE** at the Toledo Police Department. **WINFREE** was advised of his Miranda Rights again and indicated that he understood his rights and chose to waive them.

22. During the interview, **WINFREE** admitted to selling fentanyl. **WINFREE** stated the drugs located inside his residence belong to him. **WINFREE** acknowledged knowing the firearms were in the residence but that the firearms belonged to his brother. **WINFREE** was asked whether any of the firearms were stolen and responded, "not that 1911", which was the firearm located in his bedroom. **WINFREE** advised he could use the firearm for protection if needed.

23. **WINFREE** asked SA Long what federal charges he could be facing. SA Long informed **WINFREE** that he was selling fentanyl while possessing firearms. **WINFREE** responded by asking "That's a 924C aint it?"

## CONCLUSION

24.     Based on the information set forth in this Affidavit, and my training and experience, I respectfully submit there is probable cause to believe that on or about December 10, 2025, **WINFREE** committed the felony violations of: Title 21, United States Code, 841(a)(1) and did knowingly attempt to distribute and/or knowingly attempt to possess with the intent to distribute controlled substances, as well as 18 U.S.C. § 924(c)(1)(A) – possession of a firearm in furtherance of a drug trafficking crime, collectively the "**Target Offenses**," in the Northern District of Ohio. For these reasons, I respectfully request that the Court issue criminal complaint and warrant for **WINFREE** arrest on the **Target Offenses**.

Respectfully submitted,

Jordan Long
ATF Special Agent

Sworn to via telephone after submission by reliable electronic means. Crim.Rules. 4.1; 41(d)(3) this 10th day of December 2025

DARRELL A. CLAY
UNITED STATES MAGISTRATE JUDGE